IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNNE RIEFE, VINCENT WILCHER, and JAMES KNOLL, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PPG INDUSTRIES, INC.,<br><br>Defendant. | Case No._____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs, by and through their undersigned counsel, hereby file this Complaint against Defendant PPG Industries, Inc., on behalf of themselves and others similarly situated, and state as follows:

**I.   NATURE OF THE ACTION**

1. This action arises from Defendant PPG Industries, Inc.'s unlawful treatment of Plaintiffs, who worked for PPG Industries as Territory Managers ("TMs"), merchandising PPG Industries' Olympic paint products in Lowe's Home Improvement stores. PPG Industries consistently required Plaintiffs to work substantial hours "off the clock" in violation of the Fair Labor Standards Act ("FLSA"), for which they are entitled to unpaid overtime wages and liquidated damages.

**II.   THE PARTIES**

2. Plaintiff Lynne Riefe is an adult individual residing at 3974 Ridgemoor Drive, Holt, Michigan 48842. Riefe was employed by PPG Industries as a TM until January 15, 2018.

5262065

3. Plaintiff Vincent Wilcher is an adult individual residing at 675 South Cody Street, Lakewood, Colorado 80226. He was employed by PPG industries as a TM until August 25, 2017.

4. Plaintiff James Knoll is an adult individual residing at 4416 Woodlawn Avenue North, Seattle, Washington 98103. He was employed by PPG Industries as a TM until his retirement on June 30, 2016.

5. Defendant PPG Industries, Inc. ("PPG Industries") is a Pennsylvania corporation with its principal place of business located in Pittsburgh, Pennsylvania. Defendant maintains its Corporate Headquarters at One PPG Place, Pittsburgh, Pennsylvania 15272. At all relevant times, PPG Industries has continuously been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

6. Plaintiffs bring this case as a putative collective action under 29 U.S.C. § 216(b) on behalf of themselves and all other Lowes Team Territory Managers who were forced to work off the clock during the statutory period.

## III.    JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over Plaintiffs' FLSA claims under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8. Venue is proper in this district under 28 U.S.C. § 1391.

## IV.    FACTUAL BACKGROUND

### A.    PPG Industries forced Plaintiffs to work "off the clock"

9. PPG Industries manufactures paints and stains for consumer use. Until recently, PPG Industries sold paints and stains under the name, "Olympic" at Lowe's Home Improvement

5262065

stores throughout the country.

10. PPG Industries employed TMs, including Plaintiffs, as retail merchandising clerks—responsible for inventory management, event and brand marketing and product training within assigned Lowe's stores in designated geographic regions.

11. As a result of prior class-wide overtime federal court litigation involving the TMs, the TMs were properly classified as FLSA non-exempt on January 1, 2012.[1]

12. Therefore, during the statutory time period, Plaintiffs were properly classified as FLSA non-exempt.

13. In the process of reclassifying the TMs as non-exempt, PPG Industries enacted a policy and practice whereby TMs are paid for forty straight-time hours and five overtime hours per week. TMs were at all relevant times expected to complete their job duties in these forty-five hours per week.

14. In reality, it took most TMs, including Plaintiffs, a minimum of 50-55 hours per week to complete their job duties.

15. In April of 2016, PPG Industries began requiring TMs to complete merchandising tasks listed on monthly action plans ("MAPs"). This included both in-store tasks and building displays, which often had to be performed at home. This drastically increased the TMs' workload.

16. At the same time, Lowe's increased pressure on PPG Industries to have TMs work more hours in each store.

17. If TMs did not complete their entire job duties, including those listed on the month's MAP, they faced repercussions ranging from low ratings on their market walk reviews,

---

[1] *See Seymour v. PPG Industries, Inc.*, No. 09-CV-01707-JFC (W.D. Pa.).

to loss of bonuses and raises, to termination.

18. PPG Industries engaged in various machinations to discourage Plaintiffs from submitting more than 45 hours per week, regardless of their actual hours worked. For example, TMs were told by their regional managers:

    a.    *"Just get it done."*

    b.    *"Sometimes you have to make sacrifices."*

    c.    *"Tough."*

19. TMs who attempt to record more than 45 hours in a work-week without authorization are subject to discipline. While TMs can seek authorization to work extra hours, these requests are disfavored and TMs are actively discouraged from making them.

## V. COUNT I—FAILURE TO PAY FOR ALL HOURS WORKED UNDER THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq.*

20. Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

21. PPG Industries has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

22. PPG Industries employed Plaintiffs within the meaning of the FLSA.

23. PPG Industries had a policy and practice of refusing to pay any compensation, including straight time and overtime compensation, to Plaintiffs for hours worked in excess of forty-five hours per workweek, and discouraging him from reporting such hours.

24. At the same time, PPG Industries' management knew that TMs, including Plaintiffs, regularly found it necessary to work far more than forty-five hours per workweek in order to accomplish all of their job expectations.

25. As a result of PPG Industries' willful failure to compensate Plaintiffs for all the

hours worked, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, PPG Industries violated the FLSA, including §§ 207(a)(1) and 215(a).

26. As a result of PPG Industries' active discouragement of Plaintiffs from recording more than 45 hours per workweek, PPG Industries has failed to make, keep and preserve records sufficient to determine their hours in violation of the FLSA, including §§ 211(c) and 215(a).

27. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the statute, 29 U.S.C. § 255(a).

28. Plaintiffs are entitled to recover from PPG Industries their unpaid wages, as well as overtime compensation, an additional amount – equal to the unpaid wages and overtime – as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, under § 216(b) of the FLSA.

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

a. Issuance of a declaratory judgment that the practices complained of herein are unlawful under the FLSA;

b. Enjoin PPG Industries from violating the FLSA as alleged above;

c. Award of unpaid wages, as well as all overtime compensation, due under the FLSA;

d. Award of liquidated damages as a result of PPG Industries' willful failure to pay for all wages and overtime compensation due under the FLSA;

e. Award of pre-judgment and post-judgment interest;

f. Award of costs and expenses of this action, together with reasonable attorneys' and expert fees; and

    g.    Such other relief as this Court deems just and proper.

## VI. JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on claims so triable.

Respectfully submitted,

Dated: May 18, 2018

*/s/Bruce C. Fox, Esq.*
Bruce C. Fox, Esq.
PA I.D. 42576
bruce.fox@obermayer.com
Andrew J. Horowitz, Esq.
PA I.D. 311949
andrew.horowitz@obermayer.com
OBERMAYER REBMANN
MAXWELL & HIPPEL LLP
500 Grant Street, Ste. 5240
Pittsburgh, PA 15219
412-566-1500
412-281-1530 (f)

*Attorneys for Plaintiffs*